IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

CASINO ENTERTAINMENT UNLIMITED,    )
INC. (CEU),                        )
                                   )
                    Plaintiff,     )
                                   )
v.                                 )    Case No. CIV-08-1349-D
                                   )
SHAWN W. IVES, *et al.*,            )
                                   )
                    Defendants.    )

**O R D E R**

Before the Court is Defendant Shawn W. Ives' Motion for Change of Venue [Doc. No. 20],

filed *pro se* on May 14, 2009. Plaintiff has timely responded in opposition to the Motion, and the

time for filing a reply brief has expired. The Motion is thus at issue.

This diversity case concerns an event called "Monster Truck Mayhem" at the Choctaw

Coliseum in Durant, Oklahoma, on October 20, 2007. The Complaint alleges Plaintiff was the

promoter of the event, Plaintiff contracted with Defendant Ives d/b/a SWI Productions to provide

services for the event, and Defendant Ives subcontracted through Defendant Paul Stender d/b/a

Maximum Marketing to provide a driver, who negligently ignited junk cars in the middle of the

arena with flames from his jet bike and caused the arena to fill with black, noxious smoke that halted

the event and injured spectators.[1] Plaintiff asserts claims of breach of contract and gross negligence,

for which it seeks compensatory and punitive damages.

---

[1] On May 11, 2009. Plaintiff filed a motion to dismiss Paul Stender and to amend the Complaint to substitute Maximum Marketing, Inc. as the proper defendant. The motion was denied as moot because, at the time, Plaintiff did not need permission to voluntarily dismiss a defendant or to file an amended pleading. The Court directed Plaintiff to "promptly file and serve its proposed amended pleading," but no pleading has been filed. *See* Order 5/11/2009 [Doc. No. 18] at 2.

Defendant Ives was served with process on May 5, 2009, and timely filed a pleading styled, "Response to Complaint and Cross-Complaint for Damages," which is liberally construed due to his *pro se* status as an Answer, Counterclaim and Cross-Claim against co-defendant "Tom Craze." Simultaneously with his pleading, Defendant Ives filed the current Motion, which could reasonably be construed to challenge personal jurisdiction and venue under Fed. R. Civ. P. 12(b)(2) and (3) and to seek a transfer of venue under 28 U.S.C. § 1404 or § 1406.

### A.    Personal Jurisdiction

Defendant Ives alleges he is a resident of Georgia, has never resided in Oklahoma, does not conduct business in Oklahoma, and has not otherwise availed himself of the jurisdiction of this Court. "Although plaintiff bears the burden of establishing personal jurisdiction over defendant, in the preliminary stages the burden is 'light.'" *Intercon, Inc. v. Bell Atl. Internet Solutions*, 205 F.3d 1244, 1247 (10th Cir. 2000) (quoting *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995)) (citation omitted). Where a Rule 12(b)(2) motion is decided without an evidentiary hearing on the basis of written materials, "the plaintiff need only make a prima facie showing that jurisdiction exists. The allegations in the complaint must be taken as true to the extent they are uncontroverted by the defendant's affidavits." *Id*. (internal quotations omitted).

Here, Plaintiff alleges, and Defendant Ives admits, he entered into an agreement with Plaintiff, an Oklahoma corporation, to provide services for an entertainment event in Oklahoma. Defendant Ives also admits in his pleading that he was present during the event at the Choctaw Coliseum and performed the agreement there. The Court thus finds that Plaintiff has shown a basis for specific personal jurisdiction, which exists "if a 'defendant has "purposefully directed" his activities at residents of the forum . . . *and* the litigation results from alleged injuries that "arise out of or relate to" those activities.'" *Kuenzle v. HTM Sport-Und Freizeitgerate AG*, 102 F.3d 453, 455

2

(10th Cir. 1996) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)) (emphasis added in *Kuenzle*); *see Intercon*, 205 F.3d at 1247. Upon consideration, the Court further finds the exercise of personal jurisdiction over Defendant Ives does not "offend traditional notions of 'fair play and substantial justice.'" *Intercon*, 205 F.3d at 1247 (quoting *Burger King*, 471 U.S. at 476). Defendant Ives' alleged activities and their consequences "have a substantial enough connection with Oklahoma to make the exercise of jurisdiction reasonable." *Id*. at 1248.

Therefore, the Court finds that Plaintiff has sufficiently shown the existence of personal jurisdiction over Defendant Ives. The action against Defendant Ives is not subject to dismissal for lack of personal jurisdiction.

### B. Proper Venue

In a diversity action, the general venue statute requires the action to "be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) a judicial district in which any defendant is subject to personal jurisdiction, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(a).

At the commencement of the case, the Complaint named two individual defendants located in Georgia and Indiana and a third defendant identified only by a pseudonym, "Tom Craze." Until this last defendant is identified and formally joined as a party, his residence is disregarded for jurisdictional purposes. *See McPhail v. Deere & Co.*, 529 F.3d 947, 952 (10th Cir. 2008) ("Having never been presented with a motion to amend the complaint to substitute non-diverse defendants in place of the unidentified defendants, the district court did not err in determining that it has diversity jurisdiction."). Because no defendant resides in this judicial district, venue is proper here only if a

substantial part of the events giving rise to Plaintiff's claims occurred in this district, *see* § 1391(a)(2), or if there is no other district where this action may be brought, *see* § 1391(a)(3).

Plaintiff argues in response to the Motion that the planning of the event and negotiations with Defendant Ives took place at Plaintiff's principal place of business in Norman, Oklahoma, and thus venue is proper in this district under § 1391(a)(2). Alternatively, Plaintiff argues that venue is proper in the Eastern District of Oklahoma, because the event took place in Durant, Oklahoma, located within that district. *See* 28 U.S.C. § 116(b) (Eastern District encompasses Bryan County). In the event of such a finding, Plaintiff requests a change of venue to the Eastern District of Oklahoma. *See* Pl.'s Resp. [Doc. No. 21] at 3.

In opposing a Rule 12(b)(3) motion, Plaintiff is entitled to rely on the well-pleaded facts of the Complaint, to the extent they are uncontroverted, and any affidavits or evidence submitted. *See Pierce v. Shorty Small's of Branson, Inc*., 137 F.3d 1190, 1192 (10th Cir. 1998). Neither party has submitted any affidavits or evidence for the Court's consideration regarding venue. Upon review of the Complaint, the Court finds no allegation to establish that a substantial part of the events giving rise to Plaintiff's claims took place within this district. Rather, the only venue-specific allegations of the Complaint concern those regarding the citizenship or residence of the parties and the defendants' alleged conduct during the event in Durant, Oklahoma. Thus, the Court finds that venue is improper in this district. However, the Court finds that a substantial part of the operative events occurred within the Eastern District of Oklahoma, which is a proper venue for this action.

### C. Transfer of Venue

To cure a venue defect, the Court is authorized to transfer this case "to any district or division in which it could have been brought." *See* 28 U.S.C. § 1406(a); *see also Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962). As stated above, Plaintiff requests a change of venue to the

Eastern District of Oklahoma. Defendant Ives requests a change of venue to the Southern District of Georgia, where he resides. *See* Motion [Doc. No. 20] at 2.[2]

A transfer under § 1406(a) may only be made to judicial districts "where the plaintiff had a right to bring the suit originally, not those to which the defendant has consented." *Morris ex rel. Rector v. Peterson*, 759 F.2d 809, 812 (10th Cir. 1985) (interpreting same phrase in § 1404(a)); *see Hoffman v. Blaski*, 363 335, 344 (1960) (same). Because the Complaint included an individual defendant, Paul Stender, with an address in Indiana, Plaintiff could not properly have brought this action in the Southern District of Georgia because a judicial district where a defendant resides is a proper venue "only if all defendants reside in the same State." *See* 28 U.S.C. § 1391(a)(1). Therefore, because Defendant Ives seeks a transfer to an improper venue, Plaintiff's request to transfer the case to a judicial district where jurisdiction exists and venue is proper will be granted. The Court will order a transfer of venue pursuant to § 1406(a) to the Eastern District of Oklahoma.

IT IS THEREFORE ORDERED that Defendant Shawn Ives' Motion for Change of Venue [Doc. No. 20] is GRANTED in part and DENIED in part. This action is transferred to the United States District Court for the Eastern District of Oklahoma.

IT IS SO ORDERED this 17th day of June, 2009.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[2] The statute authorizes a transfer, instead of dismissal, "if it be in the interest of justice." 28 U.S.C. § 1406(a). Because Defendant Ives does not request dismissal of the case, the Court finds that a transfer is in the interest of justice.